Filed under Section 2255 (f) (4)

Page 2

### MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | S D N Y |
|---|---|---|
| Name (under which you were convicted): RENE TELLIER | Docket or Case No.: 92 Cr 869 (MGC) | |
| Place of Confinement: USP Allenwood Pennsylvania | Prisoner No.: 32515-054 | |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) | |
| v. | Rene Tellier | |

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   USDC SDNR

   (b) Criminal docket or case number (if you know): 92 Cr 869 (MGC)

2. (a) Date of the judgment of conviction (if you know): 5/4/94

   (b) Date of sentencing: 12/10/94

3. Length of sentence: life

4. Nature of crime (all counts):

   18 USC Sections 1963 (c) & (D) Rico 2 counts
   18 USC Section 1959, Hobbs Act 5 counts
   18 USC Section 1951 1 count

RECEIVED
OCT 18 2013
PRO SE OFFICE

5. (a) What was your plea? (Check one)

   (1) Not guilty ☒      (2) Guilty ☐      (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☒    Judge only ☐

Page 3

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ☐     No ☑

8. Did you appeal from the judgment of conviction?     Yes ☑     No ☐

9. If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know): 83 F3d

(f) Grounds raised:

- prosecutorial misconduct
- admittance of plea allocutions
- insufficiency of evidence

(g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☑   No ☐

If "Yes," answer the following:

(1) Docket or case number (if you know): ?

(2) Result: 1996 cert denied

(3) Date of result (if you know): 1996

(4) Citation to the case (if you know): unknown

(5) Grounds raised:

same as 9 (f) above

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ☑   No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: USDC SDNY

(2) Docket or case number (if you know):

(3) Date of filing (if you know): 1997

Page 4

(4) Nature of the proceeding: 28 Usc Section 2255 proceeding

(5) Grounds raised:

33 grounds:
- Ineffective assistance of Counsel
- Prosecutorial misconduct
- Jurisdiction

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐   No ☑

(7) Result: denied

(8) Date of result (if you know): June 2007

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: USDC MD Pa

(2) Docket or case number (if you know):

(3) Date of filing (if you know): transferred to USDC SDNY

(4) Nature of the proceeding: 28 USC 2241 in which SDNY

(5) Grounds raised: transferred case to 2d cir which

Newly discovered evidence                                      denied
- bogus grand jury indictment                            2244
- bogus grand jury minutes                              Application

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐   No ☑

(7) Result: Judicial cover-up of prosecutorial misconduct

(8) Date of result (if you know): 2011

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:      Yes ☐   No ☑       } Rule 59 motion is still

(2) Second petition:    Yes ☐   No ☑       } pending in USDC MD Pa

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly
why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the
Constitution, laws, or treaties of the United States.  Attach additional pages if you have more
than four grounds.  State the facts supporting each ground.

GROUND ONE:   See Attached addendum (2 pages)

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

See attached, addendum (2 pages)

(b) Direct Appeal of Ground One:

   (1) If you appealed from the judgment of conviction, did you raise this issue?

     Yes ☐  No ☑

   (2) If you did not raise this issue in your direct appeal, explain why:

facts untrial in newly discovered facts

(c) Post-Conviction Proceedings:

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

     Yes ☐  No ☑

   (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:


GROUND TWO:

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) Direct Appeal of Ground Two:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐   No ☐

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐   No ☐

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐   No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐   No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐   No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

GROUND THREE:

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




GROUND FOUR:


(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b)   Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court?

If so, which ground or grounds have not been presented, and state your reasons for not

presenting them:

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court

for the judgment you are challenging?      Yes ☑  No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of

proceeding, and the issues raised.

USDC MO En

Rule 59 Motion is pending in reference to

the transfer of the 2241 motion

15. Give the name and address, if known, of each attorney who represented you in the following

stages of the judgment you are challenging:

(a) At preliminary hearing:    Gregory Cooper

(b) At arraignment and plea:    Same as (a)

(c) At trial:    Same as (a)

(d) At sentencing:    Same as (a)

Page 12

(e) On appeal:   _same as (a)_

(f) In any post-conviction proceeding:   _m/c_

(g) On appeal from any ruling against you in a post-conviction proceeding:   _m/c_

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☑ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐ No ☑

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:

    (c) Give the length of the other sentence:

    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐ No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Pursuant to 28 USC Section 2255 (f)
(4) this motion is timely because it
was filed within one year of learning
about the newly discovered facts,
(October 12, 2012), which forms the
basis of the ineffective of Assistance
of counsel claims.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

    A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of —

        (1) the date on which the judgment of conviction became final;

        (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

        (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief:

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date)

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

11. State concisely every ground on which you claim that you are being held unlawfully.  Summarize briefly the facts supporting each ground.

A.  GROUND ONE:  Petitioner was provided with ineffective assistance of counsel under constitutional standards when his attorney failed to notify him of plea offers made by the government before and during trial.

SUPPORTING FACTS:  (tell your story briefly without citing cases or law):

Unknow to Rene Tellier and Robin Tellier, the government made several plea offers before and during the trial, but their lawyers never communicated this information to them.  Attorney Gregory Cooper represented Rene Tellier; whereas, Attorney Barry Fallick represented Robin Tellier.

In an October 2012 E-Mail, Theodore Moustakis told Rene Tellier that plea offers were made by the government before trial and during trial.  Moustakis disclosed that Robin Tellier's plea offer prior to trial was 188 months to 210 months; Moustakis stated that Attorney Barry Fallick wrote this offer down on a piece of paper in his presence.  Moustakis also said that although Attorney Fallick did not represent Rene Tellier, Fallick told him that Rene's plea offer was higher than Robin's.  Moustakis recalls that it was about 240 months on the low end and about 280 months on the high end.  Petitioner would have accepted the plea offer had he been told about it.

About halfway through the trial, according to Moustakis, the government attorneys made a global plea offer. Moustakis stated because the lead government attorney, AUSA Guy Petrillo, was diagnosed with throat cancer, which needed immediate chemo-therapy treatment, a generous global plea offer was made toward Rene Tellier and Robin Tellier, including the other defendants.  In spite of this lenient plea offer, neither Attorney Cooper nor Attorney Fallick informed Rene Tellier and Robin Tellier about this matter.  Once again, Petitioner would have accepted the plea offer had he been told about it.

REQUESTED RELIEF:  Petitioner Tellier requests (1) that the Court vacate his sentence and then (a) direct the government to re-offer to Tellier the lowest of the previous plea offers; (b) permit Tellier to accept the plea offer; (c) that the court hold a plea hearing where Tellier can enter a plea of guilty based on the plea offer; (d) that Tellier be subsequently sentenced in accordance with the plea offer; and (e) that Tellier, based on time served, be released immediately from imprisonment; or, in the alternative, that this Court order (2) that an evidentiary hearing be held to further develop the record on these matters and for any other and further relief that this court may deem to be necessary.

GROUND TWO:  Petitioner Tellier was provided with ineffective assistance of counsel under constitutional standards when counsel failed to  adequately advise him on the plea offer and negotiate at all on the plea offer made by the government during jury deliberation.

SUPPORTING FACTS (tell your story briefly without citing cases or law):

During the second day of the three day jury deliberation process the government made a global plea offer.  Both Attorneys Barry Fallick and Gregory Cooper advised Robin Tellier and Rene Tellier that there was a global plea offer extended by the government and unless everyone pled guilty, the plea offer was off the table.  Attorney Cooper told Rene Tellier that they offered him a plea offer of 35 years.  Rene Tellier replied that 35 years was a lot of time.  Cooper stated that the government said it was a gift.  Cooper also stated that the government was offering Robin Tellier a plea offer of 25 years.  In the presence of Attorneys Fallick and Cooper, Rene Tellier directed Cooper to negotiate a lower plea offer with the government and try to get the plea offers down to 15 years for Robin Tellier and 25 years for him;  Robin Tellier agreed with the negotiation process.

Whether Attorneys Cooper and/or Fallick negotiated with the government to lower the plea offers is unknown. If they did further negotiate, they never advised the Telliers of such and the outcome of that discussion with the government attorneys. Therefore, Petitioner Tellier was unable to make a decision one way or the other about the plea offer.*

REQUESTED RELIEF: Same relief requested in Ground one.

I, _Rene Tellier_____, declare under penalty that the foregoing is true and correct.

Signed this __3__ day of __October_____, 2013.

_(Rene Tellier)_____
R   Tellier   Reg. 3251 -054

      *      There would be no way Attorneys Cooper and Fallick could conceal the global plea offer as Moustakis and his lawyer, including Roy Tellier, who was proceeding pro-se, would learn of the offers which were communicated to Cooper and Fallick in the courtroom for client and attorney discussions in the courtroom. In light of Moustakis's information of the prior plea offers, it is evident that both Cooper and Fallick did not pursue negotiations with the government as directed by the Telliers.

---

RENE TELLIER,
ROBIN TELLIER,

       DEFENDANT,

      V.                                         92 Cr 869 (MGC)

UNITED STATES OF AMERICA,

       RESPONDENT.

---

## DECLARATION OF ROCCO TELLIER

I, ROCCO TELLIER, HEREBY DECLARE under penalty of perjury as follows:

1. I am the brother of Rene Tellier and Robin Tellier.

2. I submit this declaration in support of their motion to collaterally attack their convictions.

3. On October 12, 2012, Rene Tellier sent me an email in which he asked me to get contact information for Theodore Moustakis's trial lawyer, Dana L. Hana.

4. According to Rene's email, the government made a global plea offer during the jury deliberation process and based on a recent supreme court ruling the attorneys may have provided ineffective assistance of counsel in regard to negotiation s and or advice in the plea context.

5. I forwarded Rene's email to Theodore Moustakis who promptly responded on the following day. In his reply, Moustakis did not answer Rene's query about the global plea offer made during the jury deliberation, but he wrote about two other plea offers which were made before trial and midway through the 3.5 month trial.

6. For the pre-trial offer, Moustakis stated that he had a private meeting with Attorney Barry Fallick at Fallick's office. At the meeting, Attorney Fallick said that the government made available a 188 to 210 month plea offer for Robin Tellier; although Fallick did not represent Rene Tellier, Fallick said that the plea offer for Rene Tellier was higher at 240 to 280 months.

7. For the mid-trial offer, Moustakis provided that midway through the trial the government extended more lenient plea offers to Rene Tellier and Robin Tellier. Moustakis did not recall the sentencing exposures of those offers but remembers that they were immensely lower then the pre-trial offers. The reason for these more lenient offers was the fact that the lead prosecutor, AUSA Guy Petrillo, was diagnosed with cancer which required immediate chemo therapy treatment.

8. When I forwarded Rene Tellier the Moustakis email, Rene told me in phone conversations and in emails that the lawyers never told them about these pre-trial and mid-trial plea offers.

I, Rocco Tellier, declare under penalty of perjury that the foregoing is correct.

Signed this _22_ day of _August_, 2013.

Rocco Tellier
3461 Durello Circle
Rancho Cordove, California  95670